UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LAURA SPRINGSTEEN,<br><br>Plaintiff,<br><br>v.<br><br>BIRD RIDES, INC., and JOHN DOES 1–5,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br>GRANTING MOTION<br>TO DISMISS<br><br>Case No. 2:22-cv-110-HCN-JCB<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Laura Springsteen sues Defendants Bird Rides, Inc., and John Does 1–5, asserting state law claims for negligence and breach of contract.[1] *See* Dkt. No. 2-1 at 5, 7. Bird Rides moves to dismiss Ms. Springsteen's claims for failure to state a claim. *See* Dkt. No. 10. The court grants the motion to dismiss.

I.

Ms. Springsteen alleges the following facts. On July 20, 2018, Bird Rides entered into a license agreement contract with Salt Lake City. *See* Dkt. No. 2-2 ¶ 10. Under that agreement, Bird Rides' scooters cannot be left in any multi-use path in a way that impedes the path's normal operation or the free flow of pedestrians and traffic. *See id.* ¶ 13. The agreement also contemplates that as part of the process for completing a scooter rental transaction, all scooter operators will take photographs of their properly parked scooters or otherwise confirm that the scooter has been parked properly. *See id.* ¶ 15. The agreement provides that if notified that a scooter has not been parked in accordance with the restrictions set forth in the agreement, Bird

---

[1] Ms. Springsteen also asserted a design defect claim. *See* Dkt. No. 2-2 ¶¶ 39–49. But she has since conceded that this claim is time-barred under Utah Code § 78B-6-706. *See* Dkt. No. 11 at 9.

Rides must move the scooter to a proper location within four hours. *See id* ¶ 16. Finally (as relevant here), the agreement stipulates that all scooters will be fitted with GPS so that Bird Rides can locate and pick up improperly parked scooters, *see id.* ¶ 17, and it requires Bird Rides to give notice to scooter operators of all municipal codes and laws governing the operation and parking of scooters, *see id.* ¶ 18.[2]

On September 13, 2018, Ms. Springsteen was walking on a sidewalk in Salt Lake City when she caught her foot under the platform of a Bird Rides scooter. *See id.* ¶ 24. The scooter had been left with its handlebars behind a tree and its platform protruding into the sidewalk and was not clearly visible. *See id.* ¶¶ 25–27. Ms. Springsteen tripped and suffered injuries. *See id.* ¶¶ 28–30.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff cannot satisfy this standard by offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Nor will the court "accept as true a legal conclusion"—even if it is "couched as a factual allegation." *Id.* (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" thus "do not suffice," for Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Rather, a plaintiff must

---

[2] Ms. Springsteen does not identify the specific codes and laws to which she refers in the complaint. But it appears, based on the complaint and her counsel's arguments at the hearing on the motion to dismiss, that she is referring to Salt Lake City Municipal Code Chapter 12.82.

2

"plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (cleaned up).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up). Dismissal is thus proper "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

### III.

Under Utah law, the "threshold question" for any negligence claim is whether the defendant owed the plaintiff a duty of care. *Mower v. Baird*, 422 P.3d 837, 843 (Utah 2018). Applying the Supreme Court's procedural precedents governing Rule 12(b)(6) motions to the substantive requirements established by state law, the court concludes that a negligence claim is thus subject to dismissal if the well-pleaded facts do not support a reasonable inference that the defendant owed a duty to the plaintiff. *Cf. Williams v. Bench*, 193 P.3d 640, 647 (Utah 2008) (reaching the same result applying Utah procedural law). Based on the facts alleged here, the court concludes that Bird Rides did not owe Ms. Springsteen a duty of care.

First, "[t]ort law draws a critical distinction between affirmative acts and omissions." *Hill v. Superior Prop. Mgmt. Servs.*, 321 P.3d 1054, 1056 (Utah 2013). While there is a general duty to *act* with reasonable care, the law does not usually penalize *omissions*. *See id.* at 1056–57. When a plaintiff seeks to hold a defendant liable for omissions, "[a]n affirmative duty of care is only imposed where a 'special relationship' exists between the plaintiff and the defendant." *Williams*, 193 P.3d at 647. A special relationship "generally arise[s] when one assumes

3

responsibility for another's safety or deprives another of his or her normal opportunities for self-protection." *Beach v. University of Utah*, 726 P.2d 413, 415 & n.2 (Utah 1986).

In this case, Ms. Springsteen seeks to hold Bird Rides liable for omissions, including failing to monitor its scooters and failing to remove a scooter from a busy sidewalk. *See* Dkt. No. 2-2 ¶ 34. But Ms. Springsteen does not allege that Bird Rides "assume[d] responsibility for [her] safety" or deprived her of "her normal opportunities for self-protection." *Beach*, 726 P.2d at 415. Nor does she allege other facts that could support a reasonable inference that she had a special relationship with Bird Rides. Absent such a relationship, Bird Rides owed Ms. Springsteen no affirmative duty to move the scooter to protect her from injury.

At the hearing on the motion to dismiss, Mr. Springsteen's counsel argued that Bird Rides had an affirmative duty to act because it had information that the scooter was parked in violation of Salt Lake City Municipal Code Chapter 12.82. But this argument fails for two reasons. First, mere knowledge of a potential danger does not create an affirmative duty to act. Section 314 of the Second Restatement of Torts—which the Utah Supreme Court has adopted to evaluate whether a defendant has an affirmative duty to act, *see, e.g., Beach*, 726 P.2d at 415 & n.2—expressly provides that the "fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action." Second, a violation of Salt Lake City Municipal Code Chapter 12.82 is not "prima facie evidence of negligence" *as to Bird Rides*. *Hansen v. Eyre*, 116 P.3d 290, 293 n.4 (Utah 2005). On its face, this ordinance imposes rules on those who use scooters, not on Bird Rides. Thus, even if this ordinance could support a claim of *prima facie* negligence *against whoever parked the scooter improperly*, it provides no basis for imposing an affirmative duty on Bird Rides to respond to a third party's violation of the ordinance.

4

Second, under Utah law, "there is no duty . . . to control the conduct of a third person to prevent him or her from causing physical harm to another unless . . . a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct." *Graves v. North Eastern Servs.*, 345 P.3d 619, 624 (Utah 2015) (quoting Restatement (Second) of Torts § 315) (cleaned up).

Ms. Springsteen does not allege facts that could support a reasonable inference that Bird Rides had a special relationship with the unidentified third party who placed the scooter where Ms. Springsteen encountered it. Although the third party may well have been a scooter operator and customer of Bird Rides, this party could instead have been someone who simply moved the scooter behind the tree.

But even assuming the third party was Bird Rides' customer, the fact that Bird Rides allowed that individual to use its scooter would not create for Bird Rides any duty "to control the conduct of the third person so as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them" unless Bird Rides (1) was actually "present" at the time of the harmful conduct, (2) knew or had reason to know that it had "the ability to control the third person," *and* (3) knew or should have known "of the necessity and opportunity for exercising such control." Restatement (Second) of Torts § 318. Ms. Springsteen plainly has not alleged facts that would establish all of these required elements. *A fortiorari*, Bird Rides would not have such a relationship with someone who simply moved one of its scooters.

Because Ms. Springsteen has failed to allege facts that would support a reasonable inference that Bird Rides had an affirmative duty to protect her or to control the unidentified

5

third party who placed the scooter where she encountered it, she has failed to allege that Bird Rides owed her any duty of care. Her negligence claim must therefore be dismissed.[3]

## IV.

Ms. Springsteen's claim for breach of contract is based on the agreement between Bird Rides and Salt Lake City. *See* Dkt. No. 2-2 ¶ 51. Generally, "only parties to the contract may enforce the rights and obligations created by the contract." *Wagner v. Clifton*, 62 P.3d 440, 442 (Utah 2002). Ms. Springsteen does not allege that she is a party to that agreement, however. And for Ms. Springsteen to recover damages for Bird Rides' alleged breach of that agreement as a third-party beneficiary, "the written contract must show that the contracting parties clearly intended to confer a separate and distinct benefit upon the third party." *Wagner*, 62 P.3d at 442 (quotation marks omitted).

As the Restatement (Second) of Contracts explains, "[g]overnment contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested." *Id.* § 313 cmt. a. Consistent with that understanding, courts in other States have repeatedly rejected attempts by members of the general public to recover damages as third-party beneficiaries of government contracts. *See, e.g.*, *Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1065 (D.C. 2008) (quoting Restatement (Second) of Contracts § 313 cmt. a.); *Sussex Tool & Supply, Inc. v. Mainline Sewer & Water, Inc.*, 605 N.W.2d 620, 624–26 (Wis. Ct. App. 1999) (absent specific contractual language

---

[3] While only a few courts appear to have considered analogous cases involving rented scooters under the laws of other States, most have reached the same conclusion that the court reaches here. *Compare Robinson v. Bird Rides, Inc.*, 2020 U.S. Dist. LEXIS 78618, at *6 (N.D. Ga. May 5, 2020), *Woodhouse v. Bird Rides, Inc.*, 2021 U.S. Dist. LEXIS 93804, at *18 (W.D. Tex. May 17, 2021), *and De La Torre v. Erjaei Seyed Hosein*, 2022 Cal. Super. LEXIS 75590, *7 (Dec. 9, 2022), *with Xiao Yan Wu v. Skene*, 2022 Cal. Super. LEXIS 59017, *14 (Sept. 26, 2022).

indicating otherwise, an individual is treated as a member of the general public and is not entitled to contractual damages). In short, as the Federal Circuit has explained, "the failure of a government contractor to provide services does not create a cause of action in members of the public unless they can show a direct right to compensation." *Roedler v. Department of Energy*, 255 F.3d 1347, 1353 (Fed. Cir. 2001).

It follows that even if Bird Rides breached its agreement with Salt Lake City, Ms. Springsteen cannot recover damages that she suffered as a result unless she was a third-party beneficiary of that agreement. Ms. Springsteen, however, has failed to provide the actual agreement with her complaint. And although she alleges that "one of the main objectives of the Agreement was for the benefit of the residents of Salt Lake City," Dkt. No. 2-2 ¶ 52, the court concludes that this allegation—which is no doubt true of many government contracts—does not support a reasonable inference that Ms. Springsteen is a third-party beneficiary of the agreement between Bird Rides and Salt Lake City. It follows that her claim for breach of that agreement must be dismissed.

\*   \*   \*

For the foregoing reasons, the court **GRANTS** Defendant's motion to dismiss. And because Ms. Springsteen has not filed a motion seeking leave to amend her complaint, this action will be **DISMISSED WITH PREJUDICE.** *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021); *Calderon v. Kansas Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185–87 (10th Cir. 1999).

**IT IS SO ORDERED.**

DATED this 30th day of March, 2023.
BY THE COURT:

_____

Howard C. Nielson, Jr.
United States District Judge